UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STANLEY GIBBS #162140,                    Case No. 2:18-cv-00139

               Plaintiff,                    Hon. Gordon J. Quist
                                     U.S. District Judge

   v.

TODD BASTAIN, et al.,

               Defendants.
_____/

## REPORT AND RECOMMENDATION

### I.    Introduction

State prisoner Stanley Gibbs filed this civil rights action pursuant to 42 U.S.C. § 1983.  Gibbs alleges some 45 violations (by the Court's count) of his rights under the U.S. Constitution and Michigan law.  The actions that form the basis for Gibbs's complaint occurred while he was housed at Baraga Correctional Facility (AMF) from December 2017 to June 2018.

The 10 remaining Defendants in the case are: Prison Counselor (PC) Bastain, Assistant Residential Unit Supervisor (ARUS) Deforge, Sergeant (Sgt.) Wertanen, maintenance employee Dube, Classification Director Adams, and Corrections Officers (COs) Skytta, Erkkila, Huhta, Lanctot and Hemmila.

This report and recommendation (R&R) includes a table with a numbered list of all of Gibbs's claims.  This R&R addresses Defendants' motion for partial summary judgment.  In Defendants' motion and supporting brief, they argue that Gibbs failed

1

to properly exhaust some, but not all, of his claims.  (ECF No. 52, 53.)  Although Gibbs alleges some 45 violations of the law, only 18 of Gibbs's claims are at issue in Defendants' motion for summary judgment.  Defendants concede that 27 of Gibbs's claims – claims 1-6, 9, 12, 13, 18, 19, 23-28, 31-37, 44, and 45 – were property exhausted.  (*See* ECF No. 53, PageID.406-407.)  Defendants argue that Gibbs failed to exhaust claims 7, 8, 10, 14-17, 21, 22, 30, and 38-43 from the table below. Defendants did not make an argument or a concession on claim 20.

The undersigned concludes that genuine issues of material fact remain with regard to Gibbs's exhaustion of claims 20, 38 and 39.  Thus, the undersigned recommends that the Court deny summary judgment as to these claims.

The undersigned also concludes that Gibbs failed to exhaust claims 7, 8, 10, 14-17, 21, 22, 30, and 40-43, and respectfully recommends that the Court these claims without prejudice.

Finally, as an alternative, the undersigned respectfully recommends that the Court exercise its screening authority and dismiss claims 14-17 and 18-22 with prejudice for failure the state a claim.

## II.    Additional Relevant Procedural History

On August 8, 2018, Gibbs filed this action in federal court. (ECF No. 1.)  On October 10, 2018, Gibbs filed an amended verified complaint.  (ECF No. 11.)

The Court issued a screening opinion and order that dismissed all federal claims against MDOC Director Washington, Warden Lesatz, Deputy Warden Marshal, Lieutenant Wickstrom, and COs Massie, Mayo, Meneric, Meyers and

Cordanaro for failure to state a claim.  The Court also declined to exercise supplemental jurisdiction over the state law claims against those defendants.

On March 19, 2019, the case entered the Prisoner Early Mediation (PEM) program, but the case failed to settle.  (ECF Nos. 28, 31.)

On September 3, 2019, Defendants filed the motion for partial summary judgment that is currently before the Court.  (ECF No. 53.)  Gibbs has filed a response.  (ECF No. 60.)  Defendants have not replied.

### III.    Summary of Plaintiff's Allegations

The table below lists Gibbs's claims and a summary of the alleged facts supporting the claims.  Defendants concede that Gibbs has exhausted the claims shown in green.

| Claim Number | Defendant | Claim | Date or Date Range of Incident(s) | Factual Allegation |
|---|---|---|---|---|
| 1 | Adams | 1st Amendment Retaliation | 11/12/2017 | Adams called Gibbs into Deforge's office to coerce Gibbs into signing off on a grievance by threatening Gibbs with (1) removal from work, (2) removal of $9.00 from his prison account, and (3) initiation of false misconduct tickets to have Gibbs placed in segregation.  (ECF No. 11, PageID.65.) |
| 2 | Deforge | 1st Amendment Retaliation | 11/12/2017 | Deforge called Gibbs into Deforge's office to coerce Gibbs into signing off on a grievance by threatening Gibbs with (1) removal from work, (2) removal of $9.00 from his prison account, and (3) initiation of false misconduct tickets to have Gibbs placed in segregation.  (ECF No. 11, PageID.65.) |
| 3 | Huhta | 1st Amendment Retaliation | 11/12/2017 | Huhta called Gibbs into Deforge's office to coerce Gibbs into signing off on a grievance by threatening Gibbs with (1) removal from work, (2) removal of $9.00 from his prison |

| Claim Number | Defendant | Claim | Date or Date Range of Incident(s) | Factual Allegation |
|---|---|---|---|---|
| | | | | account, and (3) initiation of false misconduct tickets to have Gibbs placed in segregation.   (ECF No. 11, PageID.65.) |
| 4 | Adams | 42 U.S.C. § 1981 (Make and Enforce Contracts) | 12/1/2017 | Adams was responsible for Gibbs's wage payments and Adams failed to provide him payments to which he was contractually entitled. (ECF No. 11, PageID.65, 70-72.) |
| 5 | Adams | 14th Amendment Equal Protection | 12/1/2017 | Adams was responsible for Gibbs's wage payments and Adams failed to provide him payments to which he was contractually entitled.  (ECF No. 11, PageID.65.) |
| 6 | Adams | Abuse of Process | 12/1/2017 | Adams was responsible for Gibbs's wage payments and Adams failed to provide him payments to which he was contractually entitled. (ECF No. 11, PageID.65, 69.) |
| 7 | Wertanen | Abuse of Process | 12/1/2017 | Wertanen is liable under *respondeat superior* because Gibbs claims that Wertanen was aware of Adams's abuse of process conduct.  (ECF No. 11, PageID.65, 69.) |
| 8 | Bastain | Abuse of Process | 12/1/2017 | Bastain is liable under *respondeat superior* because Gibbs claims that Bastain was aware of Adams abuse of process conduct.  (ECF No. 11, PageID.65, 69.) |
| 9 | Deforge | Abuse of Process | 2/5/2018 | Deforge was responsible for Gibbs's wage payments, and Deforge failed to provide him payments to which he was contractually entitled. (ECF No. 11, PageID.65, 69.) |
| 10 | Wertanen | Abuse of Process | 2/5/2018 | Wertanen is liable *under respondeat superior* because Gibbs claims that Wertanen was aware of Deforge's abuse of process conduct.  (ECF No. 11, PageID.65, 69.) |
| 11 | Bastain | Abuse of Process | 2/5/2018 | Bastain is liable under *respondeat superior* because Gibbs claims that Bastain was aware of Deforge's abuse of process conduct.  (ECF No. 11, PageID.65, 69.) |
| 12 | Deforge | 42 U.S.C. § 1981 (Make and Enforce Contracts) | 2/5/2018 | Deforge was in-part responsible for Gibbs's wage payments and that Deforge failed to provide him payments to which he was |

4

| Claim Number | Defendant | Claim | Date or Date Range of Incident(s) | Factual Allegation |
|---|---|---|---|---|
| | | | | contractually entitled.  (ECF No. 11, PageID.65, 70-72.) |
| 13 | Deforge | 14th Amendment Equal Protection | 2/5/2018 | Deforge was also responsible for Gibbs wage payments and that Deforge failed to provide him payments to which he was contractually entitled. (ECF No. 11, PageID.65.) |
| 14 | Deforge | Libel and Slander | | Deforge made libelous and slanderous statements.  (ECF No. 11, PageID.69-68.) |
| 15 | Adams | Libel and Slander | | Adams is liable under *respondent superior* for Deforge's conduct because Adams was aware of Deforge's conduct.  (ECF No. 11, PageID.69-68.) |
| 16 | Bastain | Libel and Slander | | Bastain is liable *under respondent superior* for Deforge's conduct because Gibbs claims that Bastain was aware of Deforge's conduct.  (ECF No. 11, PageID.69-68.) |
| 17 | Wertanen | Libel and Slander | | Alleges that Wertanen is liable under *respondeat superior* for Deforge's conduct because Gibbs claims that Wertanen was aware of Deforge's conduct.  (ECF No. 11, PageID.69-68.) |
| 18 | Deforge | Ethnic Intimidation | 11/12/2017 | Deforge decided to pay Gibbs less due to race. (ECF No. 11, PageID.65, 69-70.) |
| 19 | Adams | Ethnic Intimidation | 11/12/2017 | Adams decided to pay Gibbs less due to race. (ECF No. 11, PageID.65, 69-70.) |
| 20 | Adams | Ethnic Intimidation | 11/12/2017 | Adams, as a supervisor, is liable for ethnic intimidation because he did not prevent Deforge's conduct that involved ethnic intimidation. (ECF No. 11, PageID.69-70.) |
| 21 | Wertanen | Ethnic Intimidation | 11/12/2017 | Wertanen, as a supervisor, is liable for Adams's and Deforge's conduct because Wertanen was aware and failed to stop their conduct.  (ECF No. 11, PageID.69-70.) |
| 22 | Bastain | Ethnic Intimidation | 11/12/2017 | Bastain, as a supervisor, is liable for Adams's and Deforge's conduct because Bastain was aware and failed to stop their conduct.  (ECF No. 11, PageID.69-70.) |
| 23 | Erikilla | 1st Amendment Retaliation | January 16, 2018 | Erikilla retaliated against Gibbs by denying access to the J-Pay system and forcing Gibbs to be the last |

5

| Claim Number | Defendant | Claim | Date or Date Range of Incident(s) | Factual Allegation |
|---|---|---|---|---|
| | | | | person to the prisoner store.  Erikilla retaliated because of grievances and complaints Gibbs filed.  (ECF No. 11, PageID.66.) |
| 24 | Erikilla | 14th Amendment Equal Protection | January 16, 2018 | Erikilla violated his 14th Amendment rights by denying him access to the J-Pay system and forcing him to be last to the prison store.  (ECF No. 11, PageID.66.) |
| 25 | Huhta | 1st Amendment Retaliation | March 22, 2018 | Huhta threatened to help Deforge set up Gibbs because Gibbs filed grievances against MDOC employees. Huhta added that he would work to place Gibbs in the hole.  (ECF No. 11, PageID.68.) |
| 26 | Huhta | 14th Amendment Equal Protection | March 22, 2018 | Huhta threatened to help Deforge set up Gibbs for filing grievances against MDOC employees.  Huhta added that he would work to place Gibbs in the hole.  (ECF No. 11, PageID.68.) |
| 27 | Dube | 1st Amendment Retaliation | 3/28/2018 | Dube retaliated against Gibbs by (1) threatening to put Gibbs in the hole for filing grievances and (2) going to Gibbs's cell and damaging his property, and throwing his pictures, clothing, and documents on the floor. (ECF No. 11, PageID.66.) |
| 28 | Dube | 14th Amendment Equal Protection | 3/28/2018 | Dube discriminated against Gibbs by (1) threatening Gibbs with being placed in the hole for filing grievances and (2) going to Gibbs's cell and "trashed" Gibbs's property, throwing his pictures, clothing, and documents on the floor.  (ECF No. 11, PageID.66.) |
| 30 | Dube | 1st Amendment Retaliation | 3/28/2018 | Dube issued Gibbs a false misconduct ticket for destruction and misuse of property after Dube allegedly went through Gibbs's cell.  (ECF No. 11, PageID.66.) |
| 31 | Hemmila | 1st Amendment Retaliation | 4/3/2018 | Hemmila threatened to help Deforge and Huhta place Gibbs in the hole for writing grievances.  (ECF No. 11, PageID.68.) |
| 32 | Wertanen | 1st Amendment Retaliation | 4/11/2018 | During an interview regarding Gibbs's grievances, Wertanen allegedly threatened him by telling him that he would end up in the hole soon because of the grievances he was |

| Claim Number | Defendant | Claim | Date or Date Range of Incident(s) | Factual Allegation |
|---|---|---|---|---|
| | | | | filing against MDOC employees. (ECF No. 11, PageID.66.) |
| 33 | Dube | 1st Amendment Retaliation | 4/11/2018 | Dube threatened Gibbs with destruction of Gibbs's personal property because Gibbs issued grievances against Deforge.  (ECF No. 11, PageID.66.) |
| 34 | Dube | 14th Amendment Equal Protection | 4/11/2018 | Dube threatened Gibbs with destruction of Gibbs's personal property because Gibbs issued grievances against Deforge.  (ECF No. 11, PageID.66.) |
| 35 | Skytta | 1st Amendment Retaliation | 4/18/2018 | While escorting Gibbs to segregation, Skytta informed him that Skytta would make sure that Gibbs would never get out and issued Gibbs a misconduct ticket for threatening behavior.  (ECF No. 11, PageID.66.) |
| 36 | Skytta | 8th Amendment Cruel and Unusual Punishment | 4/18/2018 | Skytta assaulted Gibbs while escorting Gibbs back to his cell because of the grievances Gibbs issued against fellow MDOC employees.  (ECF No. 11, PageID.66.) |
| 37 | Skytta | 8th Amendment Intentional Indifference | 4/18/2018 | After allegedly assaulting Gibbs, Skytta allegedly refused to allow Gibbs to receive medical treatment. (ECF No. 11, PageID.66.) |
| 38 | Skytta | 1st Amendment Retaliation | 5/31/2018 | Skytta issued Gibbs a false misconduct ticket for threatening behavior.  (ECF No. 11, PageID.66.) |
| 39 | Skytta | Malicious Prosecution | 5/31/2018 | Skytta issued Gibbs a false misconduct ticket for threatening behavior. (ECF No. 11, PageID.66, 70.) |
| 40 | Lanctot | 1st Amendment Retaliation | 5/31/2018 | Lanctot threatened to have Gibbs's food trays taken away if Gibbs did not stop writing grievances.  (ECF No. 11, PageID.67.) |
| 41 | Lanctot | 1st Amendment Retaliation | 5/31/2018 | Sometime after threatening Gibbs, Lantcot allegedly issued him a false misconduct ticket for disobeying a direct order.  (ECF No. 11, PageID.67.) |
| 42 | Lanctot | Malicious Prosecution | 5/31/2018 | Lanctot issued Gibbs a false misconduct ticket for disobeying a direct order.  (ECF No. 11, PageID.67, 70.) |
| 43 | Bastain | 1st Amendment Retaliation | 6/14/2018 | Bastian threatened to have Gibbs moved into the worst wing in 3-unit if |

| Claim Number | Defendant | Claim | Date or Date Range of Incident(s) | Factual Allegation |
|---|---|---|---|---|
| | | | | Gibbs did not stop writing grievances. (ECF No. 11, PageID.67.) |
| 44 | Skytta | 1st Amendment Retaliation | 8/2/2018 | Skytta reclassified Gibbs from Stage 4 to Stage 3 to have Gibbs's TV taken away and ensure Gibbs lost telephone privileges.  (ECF No. 11, PageID.67.) |
| 45 | Skytta | 1st Amendment Retaliation | 8/4/2018 | Skytta threatened to poison Gibbs's food trays.  (ECF No. 11, PageID.67.) |

## IV.    Summary of Grievances Filed by Gibbs and Pursued Through Step III

The 16 grievances that the parties identify as relevant to Gibbs's claims are summarized in the table below.

| Grievance Number | MDOC Defendants Named | Issues Grieved at Step I | Outcome of Grievance | ECF No. and PageID. |
|---|---|---|---|---|
| AMF-17-12-2916-17A | Adams | On December 1, 2017, Adams retaliated and discriminated against Gibbs by failing to pay him all the wages he was entitled to.  MDOC's response contends that Gibbs was inadvertently overpaid by $9.00, so it was subtracted from Gibb's account. | Denied at Steps I, II, and III. | ECF No. 53-6, PageID.695-698 |
| AMF-18-02-0245-2Z | Deforge | On February 5, 2018, Deforge retaliated and discriminated against Gibbs by providing Gibbs only half the pay he was entitled to. | Denied at Steps I, II, and III. | ECF No. 53-5, PageID.667-669 And ECF No. 53-6, PageID.670 |
| AMF-18-01-0116-17A | Erikkila | On January 16, 2018, Erikkila retaliated and discriminated against Gibbs by denying him access to the J-Pay kiosk. | Denied at Steps I, II, and III. | ECF No. 53-6, PageID.682-689 |
| AMF-18-03-0814-17E | Dube | On March 28, 2018, Dube threatened to place Gibbs in the "hole" if Gibbs continued to write grievances against MDOC employees. | Denied at Steps I, II, and III. | ECF No. 53-5, PageID.638-641 |
| AMF-18-04-0933-17A | Dube, Erikkila, and Huhta | On April 11, 2018, Dube threatened to go into Gibbs's cell and destroy Gibbs's property because Gibbs filed | Denied at Steps I, II, and III. | ECF No. 53-4, PageID.552-555 |

8

| Grievance Number | MDOC Defendants Named | Issues Grieved at Step I | Outcome of Grievance | ECF No. and PageID. |
|---|---|---|---|---|
| | | grievances against other MDOC employees. | | |
| AMF-18-04-0957-17F | Wertanen | On April 11, 2018, Wertanen, during a grievance interview, threatened Gibbs if Gibbs continued to file grievances against MDOC employees. | Denied at Steps I, II, and III. | ECF No. 53-5, PageID.603-607 |
| AMF-18-06-1435-17E | Skytta and Bastain | On June 1, 2018, Skytta threatened to have Gibbs reclassified so that Gibbs loses privileges like his TV. | Denied at Steps I, II, and III. | ECF No. 53-3, PageID.503-506 |
| AMF-18-06-1394-26A | Skytta | On May 31, 2018, Skytta assaulted him out of retaliation for filing grievances while Skytta escorted Gibbs to administrative segregation. | Denied at Steps I, II, and III. | ECF No. 53-3, PageID.483-486 |
| AMF-18-08-1945-22G | Skytta | On August 2, 2018, Skytta removed Gibbs's TV from his cell in retaliation for Gibbs filing grievances. Also, Skytta reclassified him from Stage 4 to Stage 3. | Denied at Steps I, II, and III. | ECF No. 53-3, PageID.475-478 |
| AMF-18-07-1785-17Z | Skytta | On July 22, 2018, Skytta threatened to poison Gibbs's food tray because of the complaints that Gibbs was filing. | Denied at Steps I, II, and III. | ECF No. 53-3, PageID.466-469 |
| AMF-18-04-0872-17Z | Hemmila | On April 4, 2018, Hemmila continued to place apples on Gibbs's food tray despite his special diet not allowing for apples.  Gibbs contends that the apples are a form of retaliation for grievances he filed. | Denied at Steps I, II, and III. | ECF No. 53-5, PageID.608-611 |
| AMF-18-08-1908-28C | Lanctot and Skytta | On July 31, 2018, Lanctot and Skytta were being racist toward Gibbs and were retaliating against him in multiple ways. | Rejected at Sep I for containing multiple unrelated issues. Rejection was upheld at Steps II and III. | ECF No. 53-3, PageID.491-494 |
| AMF-18-06-1493-3Z | Bastain | On June 14, 2018, Gibbs stopped Bastain to complain about the condition of his cell. For example, Gibbs told Bastain that the cell was overrun with ants. | Denied at Steps I, II, and III. | ECF No. 53-3, PageID.507-510 |

| Grievance Number | MDOC Defendants Named | Issues Grieved at Step I | Outcome of Grievance | ECF No. and PageID. |
|---|---|---|---|---|
| AMF-18-05-1281-28C | Bastain | On March 14, 2018, Bastain, and other prisoner officials, interrogated Gibbs and were playing "mind games" because Gibbs was filing complaints. The grievance includes a complaint about him being transferred to the hole. | Rejected at Step I for containing multiple unrelated issues. | ECF No. 53-3, PageID.523-525 and ECF No. 53-4, PageID.526-530. |
| AMF-18-08-2068-22B | Skytta and Bastain | On August 14, 2018, Gibbs was improperly held in administrative segregation because of a false misconduct ticket written by Skytta. | Denied at Steps I, II, and III. | ECF No. 53-3, PageID.462-465. |
| AMF-18-04-0918-28A | Huhta | On April 7, 2018, Huhta retaliated and discriminated by denying Gibbs access to the J-Pay system. | Rejected at Step I for being duplicative of AMF 18-03-0772-17A. Rejection upheld at Steps II and III. | ECF No. 53-5, PageID.647-650 |

## V.      Summary of Relevant Misconduct Tickets Issued to Gibbs

In their motion for summary judgment, Defendants identify four misconduct appeals that Gibbs filed with MDOC. They claim that a review of these misconduct appeals will demonstrate that Gibbs failed to exhaust his administrative remedies. These misconduct appeals are summarized below.

| Misconduct Charge | Allegation | Date of Misconduct Report | Date of Misconduct Hearing | Results of Misconduct Hearing | Results of Misconduct Appeal |
|---|---|---|---|---|---|
| Threatening Behavior | On 5/31/2018, Gibbs threatened to physically batter Skytta while Skytta escorted him to Health Services. | 5/31/2018 | 6/14/2018 | Guilty. During the hearing, Gibbs raised the issue of retaliation. (ECF No. 53-7, PageID.710.) | Gibbs's request for a rehearing of his guilty determination was denied. (ECF No. 60-2, PageID.747-748.) In the request, Gibbs only argued that his due process rights were violated during the misconduct hearing. |
| Disobeying a Direct Order | On 5/31/2018, Gibbs failed to | 5/31/2018 | 6/5/2018 | Guilty. Gibbs refused to | Gibbs requested an appeal because he |

| Misconduct Charge | Allegation | Date of Misconduct Report | Date of Misconduct Hearing | Results of Misconduct Hearing | Results of Misconduct Appeal |
|---|---|---|---|---|---|
| | comply with Lanctot's orders while Lanctot attempted to collect food trays. | | | attend the misconduct hearing. (ECF No. 53-7, PageID.718.) | says he was unaware of the hearing and it was denied. (ECF No. 60-3, PageID.750.) Gibbs claims that he was in suicide observation at the time of the hearing. He does not raise the issue of retaliation. |
| Threatening Behavior | On April 19, 2018, Dube issued the misconduct because Gibbs threatened Hemmila for not allowing Gibbs a second banana. | 4/19/2018 | 4/26/2018 | Guilty. Gibbs claimed that he received the ticket out of retaliation. (ECF No. 53-7, PageID.721.) | Gibbs's request for a rehearing is denied. (ECF No. 60-4, PageID.752-753.) Gibbs raised the issue of retaliation. |
| Destruction or Misuse of Property | On March 28, 2018, during a shakedown, Dube found an unauthorized extension cord in Gibbs's cell. | 3/28/2018 | 4/10/2018<br><br>Originally scheduled for 4/4/2018 but was relisted for the hearing officers to receive information about the cost of a replacement outlet. | Guilty. Gibbs claimed that cord was not his. (ECF No. 53-7, PageID.726.) | Gibbs included a request for a rehearing appeal, but there is no indication that the request was submitted to MDOC or that MDOC responded to the rehearing request. (ECF No. 60-5, PageID.755.) Moreover, Gibbs did not raise the issue of retaliation. |

## VI.    Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient

11

disagreement to require submission to a jury[1] or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## VII.   Exhaustion of Administrative Remedies

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove.  *Jones v. Bock*, 549 U.S. 199, 212-16 (2007).  "[W]here the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  Accordingly, summary judgment in favor of the party with the burden of persuasion "is

---

1       Disputed issues of fact regarding exhaustion under the PLRA may be decided in a bench trial and need not be submitted to a jury.  *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015).

inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones*, 549 U.S. at 218-19; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). In rare circumstances, an administrative remedy  will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance [or other administrative] process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. ___, 136 S.Ct. 1850, 1859-60 (2016).

"Beyond doubt, Congress enacted [Section] 1997e(a) to reduce the quantity and improve the quality of prisoner suits." *Porter*, 534 U.S. at 524. In the Court's view,

this objective was achieved in three ways.  First, the exhaustion requirement "afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."  *Id.* at 525.  Second, "the internal review might 'filter out some frivolous claims.'"  *Id.* (quoting *Booth*, 532 U.S. at 737*).*  And third, "adjudication could be facilitated by an administrative record that clarifies the contours of the controversy." *Id.* When institutions are provided adequate notice as required under the PLRA, the opportunity to address the claims internally furthers the additional goals of limiting judicial interference with prison administration. *Baker v. Vanderark*, 2007 U.S. Dist. LEXIS 81101 at *12.

The most common procedure through which a prisoner in MDOC custody exhausts his administrative remedies is the grievance procedure set forth in Michigan Dept. of Corrections (MDOC) Policy Directive 03.02.130 (effective on July 9, 2007, superseded on March 18, 2019.  Where grievance procedures are not available because the issue presented is non-grievable, exhaustion of prison grievance procedures is not required.  It is well-established that a prisoner "cannot be required to exhaust administrative remedies regarding non-grievable issues." *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004); *Mays v. Kentucky Dept. of Corrections*, 2018 WL 4603153, at *3 (W.D. Ky. Sept. 25, 2018) ("It is beyond debate that an inmate cannot be required to exhaust administrative remedies regarding non-grievable issues."); *Reeves v. Hobbs*, 2013 WL 5462147 (W.D. Ark. Sept. 3, 2013) ("Defendants cannot treat a complaint as non-grievable, and therefore not subject to the grievance procedure, and then turn around and maintain the claim fails because [the plaintiff]

failed to follow the grievance procedure. As the well known proverb states, they cannot have their cake and eat it too.").

However, where other administrative remedies are available, the prisoner is required to exhaust those available remedies prior to filing a federal lawsuit. For example, where an inmate claims that he received a retaliatory false misconduct, whether a Class I misconduct or a Class II or III misconduct[2], the inmate must first raise the issue during the Misconduct Hearing. *Siggers v. Campbell*, 652 F.3d 681, 693-94 (6th Cir. 2011).  If the inmate is claiming to have received a retaliatory Class I misconduct, he or she must then must "file a motion or application for rehearing [of his misconduct conviction] in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order." Mich. Comp. Laws § 791.255(1); *see also Siggers*, 652 F.3d at 693-94.  Alternatively, if the inmate is claiming to have received a retaliatory Class II or III misconduct, he or she must file an appeal based on retaliation.  MDOC PD 03.03.105 ¶¶ UUU-XXX; *see also Jones v. Heyns*, 2014 U.S. Dist. LEXIS 55712 at *13-17 (W.D. Mich. Jan. 28, 2014).

When prison officials waive enforcement of these procedural rules and instead consider a non-exhausted claim on its merits, a prisoner's failure to comply with those

---

[2]    Violations of written rules within the MDOC are classified as either Class I, Class II or Class III misconducts. Class I consists of the most severe violations, and Class III consists of the least severe.  While Class I misconducts are considered "major" misconducts and are "subject to all hearing requirements set forth in MCL 791.252", Class II and III misconducts are considered "minor" misconducts and are "subject to all requirements currently set forth in Department Administrative Rules and policy directives for 'minor' misconducts."  MDOC Policy Directive (PD) 03.03.103 ¶ B (eff. date 07/01/18).

15

rules will not bar that prisoner's subsequent federal lawsuit.  *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010).  The Sixth Circuit has explained:

> [A] prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief.  *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying *all* relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation process.").  An exception to this rule is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits.  *See id.* at 325.  We have also explained that the purpose of the PLRA's exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits to correct prison errors that can and should be corrected to create an administrative record for those disputes that eventually end up in court."  *Id.* at 324.

*Mattox v. Edelman*, 851 F.3d 583, 590-91 (6th Cir. 2017).[3]

## VIII.  Claims that Defendants Concede that Gibbs Properly Exhausted

For two reasons, the undersigned concludes that Gibbs properly exhausted claims 1-6, 9, 12, 13, 18, 19, 23-28, 31-37, 44, and 45.  (*See* ECF No. 53, PageID.406-407.)  First, Defendants concede that Gibbs properly exhausted these claims.  Second, the record shows that grievances AMF-17-12-2916-17A, AMF-18-02-0245-2Z, AMF-18-01-0116-17A, AMF-18-03-0814-17E, AMF-18-04-0933-17A, AMF-18-04-0957-17F,

---

[3]    In *Mattox*, the Sixth Circuit held that a prisoner may only exhaust a claim "where he notifies the relevant prison . . . staff" regarding the specific factual claim "giving the prison staff a fair chance to remedy a prisoner's complaints."  *Id.* at 596.  For example, grieving a doctor about his failure to give cardiac catheterization failed to grieve the claim that the doctor erred by not prescribing Ranexa.

AMF-18-06-1435-17E,   AMF-18-06-1394-26A,   AMF-18-08-1945-22G,   AMF-18-07-1785-17Z, and AMF-18-04-0872-17Z complain about the incidents on which the conceded claims are based.

## IX. Claims for Which a Genuine Issue of Material Fact Regarding Exhaustion Exists

### a. Claim 20

Claim 20 is one of five ethnic intimidation claims and is the second ethnic intimidation claim against Adams.  (ECF No. 11, PageID.65, 69-70.)  Defendants concede that the first ethnic intimidation claim against Adams – claim 19 – was exhausted.  (ECF No. 53, PageID.406.)  Defendants did not explicitly concede claim 20, which alleges that Adams – as Deforge's supervisor – failed to prevent Deforge from underpaying Gibbs for racial reasons.   For the following reasons, the undersigned concludes that there is a genuine issue of fact as to whether claim 20 was properly exhausted.[4]

---

[4]      Despite this conclusion, the undersigned respectfully recommends that the Court exercise its screening authority and dismiss claims 18-22 for failure the state a claim.  Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  Gibbs fails to allege sufficient facts that would establish cognizable ethnic intimidation claims under Mich. Comp. Laws Ann. § 750.147b.  (*See* ECF No. 11, PageID.65-70.)  To establish a cognizable ethnic intimidation claim, a plaintiff must show:

> that person maliciously, and with specific intent to intimidate or harass another person because of that person's race, color, religion, gender, or national origin, does any of the following:
>> (a) Causes physical contact with another person.

The parties do not dispute that Gibbs properly exhausted grievance AMF-17-12-2916-17A, which complained that Adams underpaid Gibbs for racial reasons. (*See* ECF No. 53, PageID.406; ECF No. 53-6, PageID.695-698.)  While making that complaint, as shown below, Gibbs cited his earlier grievance where he complained about Deforge underpaying him.  (ECF No. 53-6, PageID.698.)  In doing so, Gibbs essentially complained about Adams by alleging that Adams (1) underpaid him for racial reasons and (2) failed as a supervisor to correct Deforge's initial pay discrimination.  Because of the latter complaint, the undersigned concludes that there is a genuine issue of material fact regrading whether Gibbs properly exhausted claim 20.

---

(b) Damages, destroys, or defaces any real or personal property of another person.
(c) Threatens, by word or act, to do an act described in subdivision (a) or (b), if there is reasonable cause to believe that an act described in subdivision (a) or (b) will occur.

Mich. Comp. Laws Ann. § 750.147b.  Here, all of Gibbs's ethnic intimidation claims are based on the allegation that Deforge and Adams chose to pay him less for his work because he is Black.  (ECF No. 11, PageID.65, 69-70.)  There are no allegations that Deforge and Adams caused physical contact, destruction of property, or threats of physical contact or destruction of personal property because Gibbs is Black.  As such, the undersigned respectfully recommends that the Court dismiss claims 18-22 for failure to state a claim.



(ECF No. 53-6, PageID.698.)

**b.  Claims 38 and 39**

Defendants argue that Gibbs failed to properly exhaust claims 38 and 39 against Skytta.  (*See* ECF No. 53, PageID.407-408.)  The undersigned disagrees.

Where a plaintiff alleges that he or she received a false misconduct ticket in retaliation for engaging in some protected conduct, the plaintiff is not required to utilize the prison's grievance process to exhaust his or her claim.  *See Siggers*, 652 F.3d at 693-94.  Instead, the plaintiff must raise the issue of retaliation during his or her misconduct hearing and then appeal a guilty determination based on retaliation to properly exhaust the claim.  *Id*.  Because both claims are based on Gibbs's

19

allegation that Skytta issued a false misconduct ticket, the undersigned applies the *Siggers* framework.

Defendants direct the Court's attention to Gibbs's misconduct tickets and hearing report packets (ECF No. 53-7). Gibbs provides the Court with his requests for rehearing and MDOC's responses to the requests (ECF No. 60-4). Gibbs's requests are shown below.

MICHIGAN DEPARTMENT OF CORRECTIONS
**REQUEST FOR REHEARING**

RECEIVED - MDOC
MAY 10 2018
Office of Legal Affairs

CSJ-418
REV. 10/10
4835-3418

**INSTRUCTIONS**

1. This form is to be used only to request rehearing of the decision of a hearing officer on one of the following:
   a. Class 1 Misconduct.
   b. Notice of Intent to Classify to Administrative Segregation.
   c. Visitor restriction.
   d. High or very high risk classification.
   e. Excess legal property hearing.
   f. Special Education Individual Education Planning Committee (IEPC) hearing.
2. You MUST attach a copy of the hearing report to this request and, if appealing a misconduct hearing, a copy of the Class 1 Misconduct Report. If they are not attached, this form may be returned to you without a decision. You do not have to include a copy of the hearing investigation packet.
3. Submit the completed form to: Hearings Administrator, Department of Corrections, Office of Legal Affairs, P.O. Box 30003, Lansing, Michigan 48909. This form must be received by the Hearings Administrator within 30 calendar days of the date of the decision by the hearing officer.

*All My Complaints / Grievance Form was wrote BEFOR This Fabricated*

*AND A Review Of The Hold Record Will Show and supPort That This Fuel Threaten Was wrote on "nice" Retaliation on Prisoner Gibbs 162140*

| PRISONER'S NUMBER | PRISONER'S NAME | INSTITUTION |
|---|---|---|
| 162140 | STANley L. Gibbs | A.M.F. level-5 |

| DATE OF MISCONDUCT | TYPE OF HEARING (IF MISCONDUCT, LIST CHARGES ALSO) |
|---|---|
| 4-19-2018 | CLASS - 1. MISCONDUCT, |
| DATE OF HEARING | Charge - THREATENING BEHAVIOR |
| 4-26-2018 | |

Briefly explain why you believe a rehearing should be ordered: *Reason REQuesting ReConsideration As Following 1.) The Hearing OFFICER - Thomas O. Mohrman, Clearly was Baise through out The Hearing held on 4-26-2018, And Prisoner Gibbs #162140 will Demonstrate He Never had a fair Hearing. As you will Notice. Seem the H-O already had His mynd made up with the Administrator States He or Emergi Personel Because This hold False Misconduct Report was wrong on A Fabricated lie, and Gibbs REAd NOT Guilty Because it was also wrote on A CONSpiracy-type and on A Retaliation-level. As you will Notice - IN The Body of the Hearing Form 2.) H-O. stated I show Him the provided Numerous Examples of Complaints and Grievance Form I wrote against this Same OFFICE ➞ He never mention the DATES or - What was wrote on The Complaints ➞ about A OFFICE - DubE - Threaten me Several Time - IF I Don't stop writing Complaint/Grievances on him or take me Serving From me That I was up and running Me the The hole so Because I did slamming Such case to the upand running for 9-months. Working on the 3and Claim - 1-16-2018, 3-13-2018, 4-2-2018, 4-1-2018, H-E.And the Complaint I wrote to the Warden dated 1-16-2018, and all the Grievance I filed against office-Dube dated 4-10-2018, 4-3-2018, 3-28-2018, and 3-27-2018, Indolesty... That Right There UNIT-6 CAmmera 4-11-2018, at 4-7-3018, 7-31-2018, i-indolety... this was standing. then I Believe i don't 4-)The Video Dated 4-18-2018 Self-writing him and the true hear me 3obute Verminly Ask me to Put the RAmen Back me up - IF I Didn't Stop. As I never hear the Either Was in the corner Building 3.) I Put A OFFICER - demanding Down As if don't hear The Either Was in the corner Building the stated I never threaten Him or the Office Took with money around same Comment I Told him AT Hearing Then I Herbe Ask him To Crew my cells Down AT My Time officer-DubE-Told me To go To my cells As the video will show*

| SIGNATURE OF PERSON REQUESTING REHEARING | DATE |
|---|---|
| Stanley L. Gibbs | 5-5-2018 |

**DECISION**

*See Attach E*

☑ Disapproved

☐ Approved – Rehearing Ordered

☐ Returned without action – Not filed within 30 calendar days

| HEARINGS ADMINISTRATOR | | DATE |
|---|---|---|
| Richard Russell | | MAILED JUN 28 2018 |

DISTRIBUTION:  White – Hearings Administrator;  Canary – Person Requesting Rehearing

(ECF No. 60-4, PageID.752.)

The bottom half of this appeal form states that Gibbs's request for rehearing is denied.  (*Id*.)  It is apparent, however, that Gibbs did, in fact, appeal, and that his appeal complains that Skytta issued him a false retaliatory misconduct ticket.  Given

this record, the undersigned concludes that a genuine issue of fact exists as to the question of whether Gibbs exhausted his administrative remedies when he raised the issue of retaliation when he requested an appeal.

## X.    Claims that Gibbs Failed to Properly Exhaust

### a.  Claims 7, 8, 10 and 11

As summarized in Section III of this R&R, claims 7, 8, 10 and 11 are abuse of process claims based on Michigan law.  Defendants conceded that the other two abuse of process claims – claims 6 and 9 – were properly exhausted because they are based on the allegations that Deforge and Adams engaged in payroll discrimination for racial reasons.  (ECF No. 53, PageID.406.)  The remaining four abuse of process claims are against Wertanen and Bastain because, as supervisors, they failed to prevent the Deforge's and Adams's conduct.  (ECF No. 11, PageID.65, 69.)  The undersigned concludes that there is no genuine issue of fact that Gibbs failed to properly exhaust claims 7, 8, 10, and 11.

The Sixth Circuit has explained that "[a] prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief." *Mattox*, 851 F.3d at 590-91.

Gibbs only filed two grievances – AMF-17-12-2916-17a and AMF-18-02-0245-2z – that were pursued through Step III and that complained about his payroll issues with Adams and Deforge.  (*See* ECF No. 52-6, PageID.695-698; ECF No. 52-5, PageID.667-670.)  At no point during the process for either grievance did Gibbs name

Wertanen or Bastain.  Because Gibbs failed to name Wertanen and Bastain during
the grievance process for the payroll issues, MDOC was denied the opportunity to
address Gibbs's claims as required by the PRLA.    Consequently, the undersigned
concludes that there is no genuine issue of material fact that Gibbs failed to exhaust
claims 7, 8, 10 and 11.

    **b.  Claims 14-17**

    In claims 14-17 of Gibbs's amended complaint, he alleges slander and libel
claims directly against Deforge, and against Adams, Bastian and Wertanen under
the theory *respondeat superior*.  This portion of Gibbs's amended complaint is shown
below.

**LEGAL CLAIMS**
LIBEL AND SLANDER

32.   Defendant Deforge wantonly, egregiously and repeatedly made false statements wantonly designed to
defame Plaintiff while knowing statements were false and undertook such actions with intent.

33.   Defendants Washington, Lesatz, Marshall, Mayo, Wickstrom, Wertanen, Bastian, Meneric, and Adams
were fully aware of Deforge's actions.  They had the power, duty and legal responsibility to correct or discipline
Defendant Deforge for his nefarious actions but wantonly refused to take any corrective actions, ergo, showing
their approval of said actions.  Defendants actions and inaction as stated herein, has caused and contributed to,
or is the proximate cause of the injuries stated herein.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment for Plaintiff against Defendants and
Grant Plaintiff Gibbs the following:

1.   Award compensatory damages in excess of $25,000. from each Defendant Washington, Lesatz, Adams,
Marshall, Wickstrom, Wertanen, Bastian, Mayo, Meneric, Deforge, or in the discretion of the Court.

2.   Award punitive damages in excess of $50,000. from each Defendant Washington, Lesatz, Adams, Marshall,

(ECF No. 11, PageID.68.)

    Although Gibbs alleges Defendants made numerous false statements, Gibbs
did not file a grievance specifically based on claims of libel and slander.  The record
does not contain a grievance pursued through Step III that complains about Deforge

23

"repeatedly made false statements wantonly designed to defame" Gibbs.  (*Id.*)
Moreover, no grievance complains that Adams, Bastain, and Wertanen failed to stop
Deforge from defaming Gibbs.  Thus, Gibbs has not exhausted these claims.

It should also be noted that the libel and slander claims in Gibbs's amended
complaint are not specific enough to allow exhaustion analysis.  At its core,
exhaustion analysis under the PRLA is simple.  First, a court determines what the
plaintiff's claims are and what alleged facts support those claims.  Second, a court
reviews the record to determine whether the alleged facts were properly pursued
through the MDOC's grievance process.  *See Jones*, 549 U.S. at 218-19; *Woodford*, 548
U.S. at 90-91; *see also* MDOC PD 03.02.130 (ECF No. 53-2, PageID.412-418).  If the
alleged facts of the claim are properly pursued through the grievance process, then
the claim is properly exhausted.  Here, Gibbs's libel and slander claims, which are
shown above, are too ambiguous to allow this analysis to go forward.  Gibbs fails to
provide any facts upon which those claims are based.  Thus, the undersigned
concludes that there is no genuine issue of fact that Gibbs failed to properly exhaust
claims 14-17. [5]

---

[5]    As an alternative, the undersigned respectfully recommends that the Court
exercise is screening authorities and dismiss claims fourteen through seventeen for
failure to state a claim.  Under the PLRA, the Court is required to dismiss any
prisoner action brought under federal law if the complaint is frivolous, malicious, fails
to state a claim upon which relief can be granted, or seeks monetary relief from a
defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. §
1997e(c).  Gibbs fails to allege sufficient facts that would establish cognizable libel
and slander claims under Michigan common law.  (*See* ECF No. 11, PageID.65-70.)
"In Michigan, a 'plaintiff claiming defamation must plead a defamation claim
with specificity by identifying the exact language that the plaintiff alleges to be
defamatory.'" *Ryniewicz v. Clarivate Analytics*, 803 F. App'x 858, 867 (6th Cir. 2020)

### c. Claims 21 and 22

As summarized in Section III of this R&R, Gibbs alleges five ethnic intimidation claims.  Defendants concede that two of the five – claims 18 and 19 – are exhausted because those claims allege that Deforge and Adams underpaid Gibbs because he is Black.  (ECF No. 53, PageID.406.)  As explained above, the undersigned has already concluded that there is genuine issue of fact as to whether Gibbs properly exhaust a third ethnic intimidation claim (claim 20).  For the following reasons, the undersigned concludes that there is no genuine issue of fact that Gibbs failed to properly exhaust the remaining claims 21 and 22.

As part of those requirements, at Step I, prisoners must submit a grievance that "briefly" and "concisely" discusses "the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue

---

(quoting *Ghanam v. Does*, 303 Mich.App. 522, 845 N.W.2d 128, 142 (2014)). The "'plaintiff must plead with specificity [as to] who published the defamatory statement, when it was published, and, most importantly, a plaintiff must identify the precise materially false statement published.'" *Id*. (quoting *Rouch v. Enquirer & News of Battle Creek Michigan*, 440 Mich. 238, 487 N.W.2d 205, 220 (1992).  "Under Michigan law, the elements of a defamation claim are (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault, amounting to at least negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by publication." *Cole v. Knoll, Inc.*, 984 F. Supp. 1117, 1134 (W.D. Mich. 1997).

Here, Gibbs failed to allege with specificity (1) what specific statements made by Deforge were false, (2) how Deforge published the unspecified statement, and (3) whether the unspecified statement was actionable without regard to special harm. Consequently, the undersigned concludes that Gibbs failed to provide sufficient facts to state libel and slander claims against Deforge, Adams, Bastain, and Wertanen.

being grieved are to be included." (ECF No. 53-2, PageID.415; MDOC PD 03.02.130 ¶ R.)

In claims 21 and 22, Gibbs alleges that Wertanen and Bastian, as supervisors, failed to prevent Deforge and Adams from underpaying Gibbs on the basis of race. (*Id.*) A review of the record shows that Gibbs filed two relevant grievances: AMF-17-12-2916-17A and AMF-18-02-0245-2Z. (*See* ECF No. 52-6, PageID.695-698; ECF No. 52-5, PageID.667-670.) In those grievances Gibbs complained that Deforge and Adams underpaid him on the basis of race. He did not, however, name Wertanen or Bastian as persons involved in Gibbs's pay dispute. Because Gibbs failed to name Wertanen or Bastian as persons involved in the pay dispute, MDOC was deprived of the opportunity to address and possibly correct Gibbs's claims against Wertanen and Bastian, as required by the PRLA. According, the undersigned concludes that there is no genuine issue of material fact that Gibbs failed to exhaust claims 21 and 22.

### d.  Claims 30, 41 and 42

In claims 30 and 41, Gibbs alleges that Dube and Lanctot retaliated against him by writing false misconduct tickets. In claim 42, Gibbs alleges that Lanctot also engaged in malicious prosecution. Because these three claims are based on the issuance of allegedly false misconduct tickets, the undersigned again applies the *Siggers* framework. *See Siggers*, 652 F.3d at 693-94.

A review of the record shows that Gibbs failed to properly exhaust claim 30. On March 28, 2018, Dube issued Gibbs a false Class II misconduct ticket for destruction and misuse of property because Gibbs filed complaints. (ECF No. 11,

PageID.66.)  During the following misconduct hearing, Gibbs stated that "it was his

neighbor blew out the power" outlet and not him.  (ECF No. 53-7, PageID.726.)  Thus,

Gibbs disputed the factual allegations in the ticket, but did not raise the issue of

retaliation in his initial hearing.  (*Id.*)  In addition, on appeal, Gibbs did not allege

retaliation.  There is no indication that Gibbs's request for appeal was received by

MDOC.  (*See* ECF No. 60-5, PageID.755.)  But the request for appeal that Gibbs

provides did not raise the issue of retaliation, as shown below.



(ECF No. 60-5, PageID.755.)

Because Gibbs failed to raise the issue of retaliation during his misconduct hearing or in his request for an appeal, the undersigned concludes that there is no genuine issue of fact that Gibbs failed to properly exhaust claim 30.

A review of the record shows that Gibbs also failed to properly exhaust claims 41 and 42.  On May 31, 2018, Lanctot issued Gibbs a Class II misconduct ticket for disobeying a direct order.  (ECF No. 11, PageID.67.)  According to the misconduct hearing report, Gibbs chose not to attend the hearing.  (ECF No. 53-7, PageID.718.)  Thus, Gibbs did not raise the issue of retaliation during the misconduct hearing.  In Gibbs's request for an appeal, which is shown below, he fails to allege retaliation.  (ECF No. 60-3, PageID.750.)  Instead, Gibbs argues that his Fourteenth Amendment due process rights were violated during the hearing.

(ECF No. 60-3, PageID.750.)

Because Gibbs failed to raise the issue of retaliation during hearing or in his request for an appeal, the undersigned concludes that there is no genuine issue of fact that Gibbs failed to properly exhaust claims 41 and 42.

### e.  Claims 40 and 43

Claim 40 alleges that, on May 31, 2018, Lanctot retaliated against Gibbs by threatening to have Gibbs's food trays taken away.  (*See* ECF No. 11, PageID.67.) And claim 43 alleges that, on June 14, 2018, Bastain retaliated against Gibbs by threatening to move Gibbs into the worst wing of 3-unit if Gibbs did not stop filing grievances.

To exhaust these claims, Gibbs was required to utilize the MDOC's grievance process.  The undersigned has reviewed all grievances from the relevant time.  None of those grievances include the allegations that Gibbs states in claims 40 and 43. Consequently, the undersigned concludes that Gibbs failed to properly exhaust the claims he raises in claims 40 and 43.

## XI.    Recommendation

The undersigned concludes that genuine issues of material fact remain with regard to Gibbs's exhaustion of claims 20, 38 and 39.  Thus, the undersigned recommends that the Court deny summary judgment as to these claims.

The undersigned also concludes that Gibbs failed to exhaust claims 7, 8, 10, 14-17, 21, 22, 30, and 40-43, and respectfully recommends that the Court these claims without prejudice.

Finally, as an alternative, the undersigned respectfully recommends that the Court exercise its screening authority and dismiss claims 14-17 and 18-22 with prejudice for failure the state a claim.

If the Court accepts this recommendation, claims 1-6, 9, 12, 13, 18, 19, 23-28, 31-39, 44, and 45 will remain.

Dated:   August 28, 2020                        /s/ *Maarten Vermaat*
                                                         MAARTEN VERMAAT
                                                         U. S. MAGISTRATE JUDGE

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).