UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

STANLEY L. GIBBS #162140,

    Plaintiff,                                          Case No. 2:18-CV-139

v.                                                      HON. GORDON J. QUIST

TODD BASTAIN, et al.,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Stanley L. Gibbs pursuant to 42 U.S.C. § 1983. On August 28, 2020, U.S. Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R & R), recommending that the Court grant in part and deny in part Defendants' motion for partial summary judgment based on Plaintiff's failure to exhaust his administrative remedies. (ECF No. 63.) As explained by the magistrate judge, Plaintiff alleges 45 claims in his complaint. (*Id.* at PageID.776-781.) The magistrate judge recommends that the Court find Plaintiff failed to exhaust claims 7, 8, 10, 14-17, 30, and 40-43. The magistrate judge also recommends that the Court dismiss claims numbered 18-22 under the Court's screening authority.[1] Plaintiff has filed objections. (ECF No. 64.) Defendants have responded. (ECF No. 65.)

Upon receiving an objection to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ.

---

[1] The magistrate judge also recommends that the Court dismiss claims numbered 14-17 under its screening authority. However, the Court will dismiss those claims for failure to exhaust.

P. 72(b). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)). A general objection that fails to specify the issues in contention equates to no objection. *Id.*

Here, Plaintiff first argues that he exhausted all of his administrative remedies because he filed grievances through Step III. This vague statement does not specifically object to any portion or specific finding in the 31-page R & R. The magistrate judge determined that Plaintiff did not file grievances on several claims. For example, the magistrate judge found that Plaintiff did not file any grievance alleging libel and slander. (ECF No. 63 at PageID.796.) Plaintiff's objection does not adequately address any of the magistrate judge's findings. Therefore, Plaintiff's general objection amounts to no objection.

Plaintiff also argues that he raised the issue of retaliation during his misconduct hearings. As the magistrate judge adequately explained, the record establishes that Plaintiff failed to raise the issue of retaliation at the misconduct hearings or when he appealed the misconduct. On at least one occasion, Plaintiff did not even attend the misconduct hearing. (*Id.* at PageID.801.) Plaintiff has not identified any specific retaliation claim that he raised at a misconduct hearing and on appeal. Nor has Plaintiff cited any evidence to support his allegation.

**Accordingly, IT IS HEREBY ORDERED** that the August 28, 2020, Report and Recommendation (ECF No. 63) is **adopted** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 52) is **granted in part** and **denied in part**. Plaintiff's claims numbered 7, 8, 10, 14-17, 30, and 40-43 are **dismissed without prejudice**.

3

**IT IS FURTHER ORDERED** that Plaintiff's claims numbered 18-22 are **dismissed with prejudice** pursuant to this Court's screening authority under 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).

Plaintiff's claims numbered 1-6, 9, 12, 13, 23-28, 31-37, 44, and 45 remain in this case.

Dated: March 11, 2021              /s/ Gordon J. Quist
                                    GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE